IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TOM HUSSEY PHOTOGRAPHY LLC** § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> **MYLIO, LLC** § <br> *Defendant.* § | | Case No. <br><br> **DEMAND FOR JURY TRIAL** |

## ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Tom Hussey Photography LLC ("Plaintiff"), by its undersigned counsel, Duane Morris LLP, brings this lawsuit against Defendant, Mylio, LLC ("Defendant") and for its Complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1.  This is a case of willful infringement of nine copyrighted works in violation of 17 U.S.C. §§ 106 and 501, *et seq.* Plaintiff seeks compensatory and statutory damages in an amount to be established at trial, as well as injunctive and related relief.

### PARTIES

2.  Plaintiff is a photography studio organized as a limited liability company under the laws of the State of Texas, having an address at 6220 Worth Street, Dallas, TX 75214.

3.  Plaintiff is an award-winning photography studio specializing in commercial advertising and lifestyle photography. In the course of a diverse and award winning 20-year career in commercial advertising photography, Plaintiff's founder and sole owner, Tom Hussey, and his photography studio have received industry-wide recognition for his creative style and lighting techniques.

4. Upon information and belief, Defendant is a corporation duly organized and existing under the laws of Delaware. Defendant's registered agent is National Registered Agents, Inc., 1209 Orange Street, Wilmington, DE 19801.

5. Throughout the time period relevant to this lawsuit, Defendant has owned and operated a website used to promote its business services located at mylio.com (the "Website").

## JURISDICTION AND VENUE

6. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

7. Personal jurisdiction over Defendant is proper in this Court. Defendant is conducting business in this District and purposefully committed the acts underlying and giving rise to the infringement claims asserted this lawsuit, by targeting Plaintiff's works knowing the Plaintiff and its principal to be based in Texas, causing Plaintiff to suffer harm in this state and judicial district.

8. Venue properly lies in this district, pursuant to 28 U.S.C. §§ 1391(b)(1)-(2), 1391(c)(2), and 1400(a), because a substantial part of the events giving rise to the claims herein occurred in this judicial district and Defendant is deemed to reside in this district as residency is defined for purposes of federal venue statutes.

## FACTUAL BACKGROUND

**A.     Plaintiff's Business**

9. Plaintiff is the exclusive owner of all copyrights in the nine artistically stylized and very popular photographic images of elderly individuals in a variety of settings looking upon reflections of their younger selves (collectively referred to as the "Nine Copyrighted Works").

Attached hereto at **Exhibit A** are true and accurate copies of Plaintiff's Nine Copyrighted Works underlying the copyright infringement claims in this case.

10.     Plaintiff has worked on numerous local, national and international advertising campaigns for a variety of Fortune 500 companies.  The Nine Copyrighted Works are part of the extremely popular and valuable "Reflections" series created by Mr. Hussey in connection with a very expensive advertising campaign for a large international pharmaceutical company.  The Nine Copyrighted Works and other Reflections images have garnered numerous awards and a substantial amount of favorable attention.

11.     Plaintiff is the exclusive owner of all copyrights in and to the Nine Copyrighted Works as the result of an assignment from Tom Hussey, the original author of each work. Attached hereto at **Exhibit B** is a true and accurate copy of the Assignment And Transfer Of Copyrights between Mr. Hussey and the Plaintiff.

12.     Mr. Hussey obtained timely registration with the United States Copyright Office for each of the Nine Copyrighted Works.  Specifically, the United States Copyright Office has issued Certificate of Registration VAu 990-319, with the effective date June 8, 2009, applicable to each of the Nine Copyrighted Works (among other photographic images).  A true and accurate copy of Certificate of Registration VAu 990-319 is attached as **Exhibit C**.

B.     **Defendant's Unlawful Activities**

13.     In 2022, Plaintiff discovered that Defendant was infringing Plaintiff's exclusive copyrights in the Nine Copyrighted Works by reproducing, displaying and distributing each of the Nine Copyrighted Works on its Website.

14.     Specifically, Plaintiff discovered the Nine Copyrighted Works reproduced, distributed and publicly displayed, without Plaintiff's or Mr. Hussey's authorization, at the following Website page URL:

- https://focus.mylio.com/memory/memory-ghosts-past-here-now

15. Printouts of screenshots of the Defendant's infringing reproductions, distributions and public displays of the Nine Copyrighted Works are attached hereto as **Exhibit D**.

16. Defendant's infringing use of the Nine Copyrighted Works on its Website was for the commercial purpose of promoting its photographic image storage services to existing and potential customers by attracting consumers interested in high quality, moving photographic images to its Website where Defendant's storage services were then marketed to that targeted audience.

17. Defendant sought to profit, and on information and belief has profited, from the infringing use of the Plaintiff's Nine Copyrighted Works to promote and sell Defendant's services to its customers without paying the Plaintiff (or anyone else) for a license or other permission to reproduce, display, distribute or otherwise use the Nine Copyrighted Works.

18. Defendant was aware that it did not have a license or other permission to use the Nine Copyrighted Works on its commercial Website. On information and belief, Defendant made no effort to obtain a license or other permission to reproduce, display and distribute the Nine Copyrighted Works on its commercial Website, acting in reckless disregard of Plaintiff's exclusive copyrights.

**FIRST CLAIM FOR RELIEF
COPYRIGHT INFRINGEMENT
(17 U.S.C. § 101 *et seq*.)**

19. Plaintiff realleges paragraphs 1 through 18 above and incorporates them by reference as if fully set forth herein.

20. Each of the Nine Copyrighted Works is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States

copyright laws. Plaintiff owns the sole and exclusive copyrights in the Nine Copyrighted Works, including without limitation the right to sue for infringements.

21. The Nine Copyrighted Works were registered with the Copyright Office timely, prior to Defendant's commencement of its infringements.

22. Defendant's reproductions, distributions and public displays of the Nine Copyrighted Works, reveal that Defendant had access to the Nine Copyrighted Works and was aware that Mr. Hussey had claimed copyright ownership of the Nine Copyrighted Works prior to commencing its infringing activities.

23. By its actions set forth above, Defendant has infringed and violated Plaintiff's exclusive rights in the Nine Copyrighted Works in violation of the Copyright Act.

24. Defendant's infringement of Plaintiff's exclusive copyrights has been willful and deliberate, or at a minimum in reckless disregard of Plaintiff's exclusive copyrights in the Nine Copyrighted Works, and Defendant sought to profit and/or has profited from its infringing conduct at the expense of Plaintiff.

25. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Nine Copyrighted Works, Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized and uncompensated uses of the Nine Copyrighted Works, and in addition, Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits directly and/or indirectly connected to sales of its services to customers and potential who visited its Website while Defendant displayed and distributed the Nine Copyright Works, pursuant to 17 U.S.C. § 504(b).

26. In the alternative, and at Plaintiff's election to be exercised any time prior to entry of judgment, Plaintiff is entitled to an award of statutory damages up to a maximum amount of $150,000 for each of the Nine Copyrighted Works, as a result of Defendant's willful

infringements, or up to a maximum amount of $30,000 for each of the Nine Copyrighted Works if Defendant's infringements are determined not to have been willful, pursuant to 17 U.S.C. § 504(c).

27.   Plaintiff is entitled to a declaration that Defendant has infringed Plaintiff's copyrights in the Nine Copyrighted Works in violation of the Copyright Act, and that such infringement was willful.

28.   Plaintiff also is entitled to seek recovery of his costs of this lawsuit, including reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

29.   Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff, unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Accordingly, pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement by Defendant of Plaintiff's exclusive rights in the Nine Copyrighted Works.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

## PRAYER

WHEREFORE, Plaintiff respectfully asks that Defendant be cited to appear and that the Court enter judgment in Plaintiff's favor as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights in the Nine Copyrighted Works in violation of the Copyright Act;

2. A declaration that such infringements have been willful;

3. An award of Plaintiff's actual damages and a disgorgement of Defendant's profits under 17 U.S.C. § 504(b), as shall be determined at trial, or, at Plaintiff's election to be exercised any time prior to entry of judgment, an award of statutory damages in an amount determined at trial pursuant to 17 U.S.C. §§ 504(c);

4. An award of Plaintiff's costs and expenses incurred in this action, including its reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

5. An award of interest, including pre-judgment interest, on the foregoing sums;

6. A permanent injunction prohibiting Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

    (a) directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from any of the Plaintiff's Nine Copyrighted Works or to participate or assist in any such activity; and

    (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, any of the Nine Copyrighted Works; and

7. Any such other and further relief as the Court may deem just and proper.

Dated: September 26, 2023

Respectfully submitted,

**DUANE MORRIS LLP**

*/s/ Joakim G. Soederbaum*
Joakim Soederbaum
Texas State Bar No. 24091338
777 Main Street, Suite 2790
Fort Worth, Texas 76102
Tel: 817-704-1056
Fax: 817-887-2304
JSoederbaum@duanemorris.com

*Counsel for Plaintiff*
*Tom Hussey Photography LLC*